UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARYLEBONE PCC LIMITED—ROSE 2 FUND ON BEHALF OF ITSELF AND ALL SIMILARLY SITUATED PERSONS,<br><br>    Plaintiff,<br><br> vs.<br><br>MILLENNIUM GLOBAL INVESTMENTS, LTD.; MILLENNIUM ASSET MANAGEMENT, LTD.; MICHAEL R. BALBOA; GLOBEOP FINANCIAL SERVICES, LTD.; BCP SECURITIES LLC; XYZ CORP.<br><br>    Defendants. | Case No. 1:12-CV-03835-PAC |

**NON-SETTLING DEFENDANTS' OBJECTION TO
PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL
<u>OF PARTIAL SETTLEMENT</u>**

Deborah S. Birnbach
GOODWIN PROCTER LLP
Exchange Place
Boston, MA 02109
(617) 570-1000

The New York Times Building
620 Eighth Avenue
New York, NY 10018
(212) 813-8800

*Attorneys for Defendants Millennium Global Investments Ltd. and Millennium Asset Management Ltd.*

Charles C. Platt
Michael G. Bongiorno
WILMER CUTLER PICKERING HALE
AND DORR LLP
7 World Trade Center
250 Greenwich St.
New York, NY 10007
(212) 230-8800

*Attorneys for Defendants GlobeOp Financial Services LLC, GlobeOp Financial Services Ltd., and SS&C Technologies, Inc.*

# **TABLE OF CONTENTS**

Page

PRELIMINARY STATEMENT .................................................................................................. 1

FACTUAL BACKGROUND ........................................................................................................ 2

ARGUMENT .................................................................................................................................. 4

I. Plaintiff's Motion Is Premature. ......................................................................................... 4

    A. The Threshold Issues Raised In The Non-Settling Defendants' Pre-Motion Letters Should Be Decided Before Plaintiff's Motion. ....................... 4

    B. At This Preliminary Stage Of The Litigation, Plaintiff Has Not Provided Sufficient Facts To Justify Certification Of The Proposed Settlement Class Or Appointment Of Plaintiff. ....................................................................... 5

    C. Counsel's Request For Appointment Remains Premature ...................................... 8

II. If The Court Otherwise Is Inclined To Consider The Proposed Partial Settlement At This Time, Plaintiff's Requests Regarding Judgment Setoff Clause, Injunction, And Form of Notice Should Be Modified. .......................................... 9

    A. The Proposed Judgment Setoff Clause Does Not Meet the Requirements Of New York General Obligations Law § 15-108(a) ............................................ 9

    B. The Scope Of The Proposed Injunction Against Non-Settling Defendants Exceeds The Scope Provided By New York General Obligations Law § 15-108(b). ................................................................................ 10

    C. The Court Should Deny The Proposed Manner Of Notice To The Extent It Depends On The Millennium Defendants' Ability To Identify Putative Class Members .................................................................... 11

CONCLUSION ............................................................................................................................. 12

**TABLE OF AUTHORITIES**

Page(s)

**CASES**

*AmChem Products Inc. v. Windsor*,
    521 U.S. 591 (1997) ................................................................................................................6

*In re Currency Conversion Fee Antitrust Litig.*,
    230 F.R.D. 303 (S.D.N.Y. 2004) ............................................................................................8

*Denney v. Deutsche Bank AG*,
    443 F.3d 253 (2d Cir. 2006) ....................................................................................................6

*In re Facebook, Inc. PPC Advertising Litig.*,
    282 F.R.D. 446 (N.D. Cal. 2012) ............................................................................................7

*In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Prods., Liab. Litig.*,
    55 F.3d 768 (3d Cir. 1995) ......................................................................................................6

*In re Herald, Primeo, and Thema Sec. Litig.*,
    1:09-cv-00289-RMB-HBP, 2011 WL 4351492 (S.D.N.Y. Sept. 15, 2011) ............................5

*Kottler v. Deutsche Bank AG*,
    No. 05 Civ. 7773 (PAC), 2010 WL 1221809 (S.D.N.Y. Mar. 29, 2010) (Crotty, J.) ...............7

*McLaughlin v. Am. Tobacco Co.*,
    522 F.3d 215 (2d Cir. 2008) ....................................................................................................7

*In re Mun. Derivatives Antitrust Litig.*,
    252 F.R.D. 184 (S.D.N.Y. 2008) ............................................................................................9

*Nat'l Ass'n for the Advancement of Colored People (NAACP) v. Acusport Corp.*,
    210 F.R.D. 446 (E.D.N.Y. 2002) ............................................................................................4

*Premium Mort. Corp. v. Equifax, Inc.*,
    583 F.3d 103 (2d Cir. 2009) ....................................................................................................7

*Rosenberg v. Pillsbury Co.*,
    718 F. Supp. 1146 (S.D.N.Y. 1989) ........................................................................................8

*Schoenbaum v. E.I. Dupont De Nemours and Co.*,
    No. 4:05-civ-01108, 2009 WL 4782082 (E.D. Mo. Dec. 8, 2009) ..........................................5

*Warth v. Seldin*,
    422 U.S. 490 (1975) ................................................................................................................7

**STATUTES**

New York General Obligations Law § 15-108 ................................................................... passim

**OTHER AUTHORITIES**

Fed. R. Civ. P. 23 ................................................................................................................ passim

**PRELIMINARY STATEMENT**

Defendants Millennium Global Investments Ltd., Millennium Asset Management Ltd. (together, the "Millennium Defendants"), GlobeOp Financial Services LLC, GlobeOp Financial Services Ltd., and SS&C Technologies, Inc. (together, the "GlobeOp Defendants") (collectively, the "Non-Settling Defendants") hereby oppose the motion of Plaintiff Marylebone PCC Limited – Rose 2 Fund ("Plaintiff") seeking preliminary approval of its partial settlement of this case with defendant BCP Securities LLC ("BCP") (the "Motion"). While the Non-Settling Defendants do not object to the fact that Plaintiff has chosen to settle with BCP or the amount of the settlement *per se*, they respectfully submit that Plaintiff's Motion is premature in that it improperly and inefficiently seeks to require the Court to exercise jurisdiction and address a host of complex issues such as certification of the proposed settlement class (i) *before* Plaintiff has responded to the Non-Settling Defendants' pre-motion letters, which raise threshold issues such as the Court's jurisdiction, Plaintiff's standing to assert its claims, and the failure of the Complaint to state a claim upon which relief may be granted; and (ii) *without* providing sufficient facts to allow the Court to certify a settlement class, determine if Plaintiff is a member of that class, or otherwise evaluate the issues raised by the Motion. Alternatively, in the event that the Court considers Plaintiff's Motion before the Non-Settling Defendants' proposed motions to dismiss are adjudicated and class certification discovery has taken place, the Non-Settling Defendants submit that Plaintiff's requests concerning the judgment setoff clause and the scope of the injunction against the Non-Settling Defendants are not consistent with New York law governing partial settlements and should be modified. The Non-Settling Defendants also request that Plaintiff's proposed form of notice to the putative settlement class be modified because it is premised on the incorrect presumption that the Millennium Defendants can provide contact information for putative class members.

## FACTUAL BACKGROUND

On November 2, 2012, the Non-Settling Defendants submitted two separate letters in support of their anticipated motions to dismiss the First Amended Class Action Complaint ("Complaint"), and requested a conference before the Court pursuant to the Court's Individual Practices. The Non-Settling Defendants identified several, independent grounds for dismissal in their respective letters, including:

- The Court lacks jurisdiction because Plaintiff has not demonstrated its Article III standing. The Complaint contains no particularized facts that demonstrate that Plaintiff has suffered any "injury in fact." Plaintiff remains silent regarding the essential facts about its alleged investment such as when and how much it invested, which offering document it executed, on which alleged misrepresentation or omission by which defendant it relied in deciding to invest, and whether or not it had a contractual right to redeem any money at the time of the Fund's collapse or whether it remained subject to the contractual lock-up period during which investors could not redeem their investments.

- The Court lacks subject matter jurisdiction because the Class Action Fairness Act ("CAFA") does not apply. Plaintiff's sole basis for federal jurisdiction is CAFA, which was enacted to ensure that class actions of *national* importance would be decided by U.S. federal courts. This purpose would not be fulfilled by allowing a foreign, Guernsey-based institutional investor to maintain a federal class action concerning investments in a foreign, Bermuda-based hedge fund purportedly on behalf of investors worldwide. Moreover, jurisdiction based on CAFA is dependent on the certification of this action as a class action.

- The Court lacks personal jurisdiction over the Millennium Defendants, as Plaintiff has not satisfied its burden to allege facts supporting that those foreign entities are subject to the jurisdiction of U.S. courts.

- The Complaint fails to state a claim. For example, the Complaint lacks factual allegations that support the elements of various claims such as the Non-Settling Defendants' duty of care to Plaintiff and scienter. Moreover, although all of the claims in the Complaint sound in fraud, the Complaint fails to state those claims with the requisite particularity to meet the heightened pleading standard of Rule 9(b).

*See* Letter from Deborah S. Birnbach to The Honorable Paul A. Crotty dated November 2, 2012; Letter from Charles C. Platt to The Honorable Paul A. Crotty dated November 2, 2012.

Plaintiff has not responded to the Non-Settling Defendants' pre-motion letters. On November 26, 2012, the Court asked Plaintiff to respond to the pre-motion letters. The

following day, Plaintiff's counsel submitted a letter to the Court, but did not address the substance of the pre-motion letters.  *See* Letter from Jacob H. Zamansky to The Honorable Paul A. Crotty dated November 27, 2012.  Plaintiff stated that although Plaintiff agreed that a court conference is warranted to address the pre-motion letters and other issues, "judicial efficiency would be best served" by postponing such a conference until it had completed its settlement negotiations with BCP.  *Id.*

On December 19, 2012, Plaintiff executed a Settlement and Release Agreement with BCP.  *See* Declaration of Kevin D. Galbraith ("Galbraith Decl."), Ex. A, submitted with Plaintiff's Motion.  Despite the completion of settlement negotiations, Plaintiff has still not responded to the Non-Settling Defendants' pre-motion letters, as promised in its November 27 letter.  Instead, Plaintiff seeks the Court's preliminary approval of its settlement with BCP.  In so doing, Plaintiff asks this Court to address various complex issues, including to:

- Review and approve the terms of the settlement with BCP as fair, reasonable, and adequate to a putative class;

- Evaluate Rule 23 factors, including Plaintiff's typicality and adequacy, and certify the proposed settlement class and appoint Plaintiff as representative of the settlement class and Lead Plaintiff for the remainder of the litigation;

- Reconsider the Court's previous denial of appointment of interim class counsel and appoint Plaintiff's counsel to represent the putative class both for the settlement and for the remainder of the action;

- Allow Plaintiff's counsel to receive attorney's fees and expenses from the settlement fund of up to $140,000 (28% of $500,000);[1]

- Approve the form and method of notice to members of the putative class and conduct a fairness hearing where investors can appear and raise objections to the terms of the settlement;

- Enjoin putative class members from bringing a parallel lawsuit;[2] and

---

[1] *See* Proposed Notice of Proposed Partial Settlement of Class Action and Settlement Fairness Hearing (Galbraith Decl. Ex. A-1), at 13.

3

- Enjoin the Non-Settling Defendants from bringing any contribution or indemnity claim against BCP.

## ARGUMENT

I.   **Plaintiff's Motion Is Premature.**

   A.   **The Threshold Issues Raised In The Non-Settling Defendants' Pre-Motion Letters Should Be Decided Before Plaintiff's Motion.**

In the Motion, Plaintiff asks the Court to tackle various complex issues, such as class certification (for settlement purposes) and the appointment of class counsel. The Non-Settling Defendants respectfully submit that a more efficient process for both the Court and the parties is first to require Plaintiff to respond to the pre-motion letters so that a court conference can be scheduled and the motion to dismiss briefing can proceed. *Cf. Nat'l Ass'n for the Advancement of Colored People (NAACP) v. Acusport Corp.*, 210 F.R.D. 446, 454 (E.D.N.Y. 2002) ("Trial courts have broad discretion to manage proceedings in the interests of justice, fairness, and economy."). The pre-motion letters raise critical, threshold issues that should be decided before Plaintiff's Motion is acted upon and before the case progresses any further. For example, the Millennium Defendants assert in their pre-motion letter that Plaintiff has failed to establish that this Court has subject matter jurisdiction over this matter or personal jurisdiction over the Millennium Defendants.[3] The Non-Settling Defendants have also identified other deficiencies in the Complaint that warrant dismissal of Plaintiff's claims. It would be highly inefficient and a waste of judicial resources for the Court prematurely to engage in a class certification analysis

---

[2]  *S*ee Proposed Order Preliminarily Approving Settlement and Providing For Notice of Proposed Settlement (Galbraith Decl. Ex. A), ¶ 24; Proposed Final Judgment and Order of Dismissal with Prejudice (Galbraith Decl. Ex. B), ¶ 15.

[3]  The Millennium Defendants expressly preserve the argument raised in their pre-motion letter that this Court lacks personal jurisdiction over them under New York's long-arm statute and the Due Process Clause. *See* Letter from Deborah S. Birnbach to The Honorable Paul A. Crotty dated November 2, 2012, at 1. By filing this objection, the Millennium Defendants in no way waive this argument or consent to the Court's exercise of jurisdiction over them. That this threshold jurisdictional issue has not yet been briefed by the parties and decided by the Court underscores that Plaintiff's request that the Court enter preliminary and permanent injunctions against the Millennium Defendants is premature and improper.

before the Court's jurisdiction is established.  Moreover, Plaintiff's Motion reveals the same deficiencies with its Complaint as those identified in the pre-motion letters.  For example, Plaintiff's failure to plead basic facts to prove its investor status,[4] which undermines Plaintiff's Article III standing and the Court's jurisdiction, will hinder the Court's consideration of certification of the settlement class and the appointment of Plaintiff and its counsel to represent any putative class.

Furthermore, as explained more fully below, the Court should not consider class certification issues until *after* class discovery has taken place, on a fully developed factual record.  *See Schoenbaum v. E.I. Dupont De Nemours and Co.*, No. 4:05-civ-01108, 2009 WL 4782082, at *11-12 (E.D. Mo. Dec. 8, 2009) (denying motion for preliminary approval of partial settlement, including certification of settlement class, and deciding to consolidate consideration of settlement class and litigation class in adversarial process with participation of non-settling defendants); *see also In re Herald, Primeo, and Thema Sec. Litig.*, 1:09-cv-00289-RMB-HBP, 2011 WL 4351492, at *4 (S.D.N.Y. Sept. 15, 2011) (denying, for second time, motion for preliminary approval of partial settlement).

> **B.     At This Preliminary Stage Of The Litigation, Plaintiff Has Not Provided Sufficient Facts To Justify Certification Of The Proposed Settlement Class Or Appointment Of Plaintiff.**

The Court must conduct a rigorous, even heightened, analysis in determining whether to certify a settlement class under Rule 23(a) and (b):

> [S]pecifications of the Rule – those designed to protect absentees by blocking unwarranted or over-broad class definitions – demand undiluted, even heightened, attention in the settlement context.  Such attention is of vital importance, for a court asked to certify a settlement class will lack the opportunity, present when a case is litigated, to adjust the class, informed by the proceedings as they unfold.

---

[4] *See* § I.B, *infra*.

5

*AmChem Products Inc. v. Windsor*, 521 U.S. 591, 620 (1997); *accord Denney v. Deutsche Bank AG*, 443 F.3d 253, 270 (2d Cir. 2006) ("Before certification is proper for any purpose—settlement, litigation, or otherwise—a court must ensure that the requirements of Rule 23(a) and (b) have been met."); *In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Prods., Liab. Litig.*, 55 F.3d 768, 799-800 (3d Cir. 1995) ("[A]ctions certified as settlement classes must meet the same requirements under Rule 23 as litigation classes . . . . In sum, a class is a class is a class, and a settlement class, if it is to qualify under Rule 23, must meet all of its requirements.") (internal quotation marks omitted); *see also* Manual for Complex Litigation (Fourth) § 21.612 (2008) ("Class actions certified solely for settlement, particularly early in the case, sometimes make meaningful judicial review more difficult and more important.").

In order for the proposed settlement class to be certified, Plaintiff must show that both Rule 23(a) and Rule 23(b) have been satisfied. Fed. R. Civ. P. 23(a), (b). Thus, to establish the propriety of certification of the settlement class and its appointment as class representative, Plaintiff must show, *inter alia*, that it is an adequate representative and its claim is typical. *Id.* at (a)(3), (4). Plaintiff, however, has provided virtually no information about itself, other than that it is a non-U.S., Guernsey-based entity that allegedly invested in the non-U.S. feeder fund based in Bermuda. *See* Compl. ¶¶ 21, 35. Plaintiff has yet to provide any information whatsoever about its alleged investment, such as the trade date, the number of shares, or the purchase price, even after the Millennium Defendants pointed out this deficiency in their Opposition to Plaintiff's Motion for Appointment of Interim Class Counsel and again in their pre-motion letter. *See, e.g.*, Compl. ¶ 21. Such basic information is essential to establishing Plaintiff's investor status, as evidenced by the fact that Plaintiff would require other investors to provide the same information in their Proof of Claim forms. *See* Proposed Proof of Claim and Release (Galbraith

Decl. Ex. A-3), Part II.A.  Thus, at this time, it is impossible to determine, based on the limited information provided by Plaintiff, whether Plaintiff is even a member of the proposed class.[5] Moreover, the lack of factual allegations in the Complaint as to the injury—if any—that Plaintiff has suffered as a result of the alleged misrepresentations renders any determination of whether Plaintiff will be an adequate class representative premature.  *See In re Facebook, Inc. PPC Advertising Litig.*, 282 F.R.D. 446, 454 (N.D. Cal. 2012) (finding that named plaintiffs were inadequate class representatives because they had not established that they suffered any concrete injury from the alleged misconduct); *see also Warth v. Seldin*, 422 U.S. 490, 518 (1975) (plaintiff has burden "clearly to allege facts demonstrating that he is a proper party to invoke judicial resolution of the dispute.").

Plaintiff has also failed to provide sufficient information to enable the Court to assess whether common issues will predominate over individual issues.  For example, the Complaint centers on allegations of fraud involving a hedge fund (*e.g.*, Compl. ¶¶ 1-2), which requires each investor to establish that it relied on specific misrepresentations or omissions before liability can attach to any defendant.  *See Premium Mort. Corp. v. Equifax, Inc.*, 583 F.3d 103, 108 (2d Cir. 2009) (affirming dismissal of New York common law fraud claim based on failure adequately to plead justifiable reliance because "[a]llegations that are conclusory or unsupported by factual assertions are insufficient") (citation and internal quotation omitted).  Courts within the Second Circuit have repeatedly held that reliance is an individualized inquiry outside the context of an efficient market (as here).  *See, e.g.*, *Kottler v. Deutsche Bank AG*, No. 05 Civ. 7773 (PAC), 2010 WL 1221809, at *3-4 (S.D.N.Y. Mar. 29, 2010) (Crotty, J.) (relying on *McLaughlin v. Am. Tobacco Co.*, 522 F.3d 215 (2d Cir. 2008)).  This reliance issue is particularly acute here, where

---

[5] To the extent Plaintiff incorrectly asserts that Millennium has a complete list of Fund's investors, Millennium has not interacted with Plaintiff and cannot confirm that Plaintiff is a member of the proposed settlement class.  *See* § II.C, *infra*.

7

Plaintiff purports to represent investors in two separate funds (an onshore feeder fund and an offshore feeder fund), each of which had multiple offering memoranda with substantially different representations, restrictions (including lock-up periods during which investors could not redeem their investments), and other requirements.[6] At a minimum, some discovery would be necessary before there is a sufficient record to make an assessment of the predominance question.

As to the disposition of the settlement fund in the meantime, Plaintiff should propose an appropriate way to protect the interest of any putative class such as putting the fund in escrow without any distribution until after class certification has been decided by the Court, or some other mechanism to preserve the fund until appropriate consideration of the settlement on its merits.

### C. Counsel's Request For Appointment Remains Premature.

Given that Plaintiff has not even demonstrated that it is a member of the proposed class it seeks to represent or a proper party to bring this lawsuit, it is premature and inappropriate to appoint Plaintiff's counsel to represent any putative class—for either settlement purposes or for the remainder of the action. On September 13, 2012, this Court issued an order denying Plaintiff's first request for the appointment of Plaintiff's counsel as interim class counsel under Rule 23(g)(3) as "very premature." Order Denying Pl.'s Mot. for Appointment of Interim Class Counsel Pursuant to Fed. R. Civ. P. 23(g), Sept. 13, 2012.[7] All of the circumstances that led this

---

[6] Moreover, it is premature for the Court to evaluate potentially complex choice of law issues that may, as the Millennium Defendants have argued in their pre-motion letter, require it to apply the laws of different countries to Plaintiff's tort claims under New York choice of law rules. *See generally Rosenberg v. Pillsbury Co.*, 718 F. Supp. 1146, 1150 (S.D.N.Y. 1989) (under New York choice of law analysis, tort occurs where loss is suffered, namely where plaintiff is located, rather than the alleged locus of fraud); *In re Currency Conversion Fee Antitrust Litig.*, 230 F.R.D. 303, 311-12 (S.D.N.Y. 2004) (declining to certify a nationwide class because individual questions concerning state law "would overwhelm any potential common issues").

[7] More specifically, the Court stated in its September 13 Order: "The application for the appointment of interim class counsel is denied. If anything it is very premature. The Government would not accept request from interim

Court to deny Plaintiff's initial motion for the appointment of interim class counsel as premature still exist. As the Court observed in its September order, two government agencies (the Department of Justice and the Securities and Exchange Commission) are pursuing their own cases against Mr. Balboa.[8] There still is only *one* set of attorneys representing *one* client in *one* putative class action; thus, there is no rivalry among competing law firms that may make designation of interim class counsel somehow helpful to clarify responsibilities over pre-certification activities such as moving for class certification and negotiating settlement.[9] *See In re Mun. Derivatives Antitrust Litig.*, 252 F.R.D. 184, 185-186 (S.D.N.Y. 2008). The fact Plaintiff's counsel has negotiated settlement with BCP without the need for the appointment as interim class counsel only further evidences that, given the lack of rivalry or confusion among competing law firms, the appointment has been and remains unnecessary at this time.

II.   **If The Court Otherwise Is Inclined To Consider The Proposed Partial Settlement At This Time, Plaintiff's Requests Regarding Judgment Setoff Clause, Injunction, And Form of Notice Should Be Modified.**

   A.   **The Proposed Judgment Setoff Clause Does Not Meet the Requirements Of New York General Obligations Law § 15-108(a).**

The proposed judgment setoff clause that Plaintiff included in the supporting papers for the Motion improperly fails to take into account all three prongs of Section 15-108(a) of New

---

counsel. The government's authority to prosecute is non delegable. Similarly the SEC has not requested assistance. Other than this class action there are no other civil complaints. Nothing prevents plaintiff's counsel from taking whatever action it deems appropriate, but that does not begin to suggest that counsel should be designated as interim class counsel. So Ordered." *Id.*

[8] Apparently, Plaintiff still has not effectuated proper service upon Mr. Balboa in this action because his counsel has not filed an appearance or otherwise participated in this lawsuit since Plaintiff filed a certificate of service by mail to a Dorothy Balboa. *See* Certificate of Service, Aug. 24, 2012 (Dkt. 25).

[9] The Non-Settling Defendants incorporate by reference the arguments contained in the Millennium Defendants' Opposition to Plaintiff's Motion for Appointment of Interim Class Counsel Pursuant to Fed. R. Civ. P. 23(g), July 2, 2012.

York General Obligations Law concerning the effect of partial settlement.[10] In the Settlement Agreement, Plaintiff and BCP have agreed to be governed by New York law, including New York General Obligations Law. Settlement and Release Agreement (Galbraith Decl. Ex. 1), art. 8.6. Section 15-108(a) of the New York General Obligations Law provides that as a result of the settlement with BCP, Plaintiff's claim against the Non-Settling Defendants is reduced "to the extent of [1] any amount stipulated by the release or the covenant, [2] or in the amount of the consideration paid for it, [3] or in the amount of the released tortfeasor's equitable share of the damages . . . , <u>whichever is the greatest</u>." N.Y. General Obligations Law § 15-108(a) (emphasis added). Contrary to this statutory language, Plaintiff proposes to reduce any final verdict or judgment to be paid by the Non-Settling Defendants by the greater of the second or the third prongs only.[11] The omission of the first statutory prong may disadvantage the Non-Settling Defendants because the amount that BCP has stipulated ($575,000) may exceed the actual amount that BCP will ultimately pay, if the administrative cost portion of the settlement is less than $75,000. Accordingly, the judgment setoff clause as currently drafted is improper and should be modified to include all three statutory prongs.

    **B.    The Scope Of The Proposed Injunction Against Non-Settling Defendants Exceeds The Scope Provided By New York General Obligations Law § 15-108(b).**

As part of implementing the BCP settlement, Plaintiff seeks preliminarily and permanently to enjoin the Non-Settling Defendants from asserting any "contribution or

---

[10] Specifically, the proposed judgment setoff clause provides: "Any final verdict or judgment that may be obtained by the Class Representative . . . . shall be reduced . . . by the greater of (i) the amount that corresponds to the percentage of responsibility attributed to the Released Parties under the Non-Settling Defendant Judgment; and (ii) the gross monetary contribution provided to such Class Representative or other Settlement Class Member or Members pursuant to the Agreement." Proposed Final Judgment and Order of Dismissal with Prejudice (Galbraith Decl. Ex. B), ¶ 17.

[11] *See supra* note 10.

indemnity" claim against BCP related to this lawsuit.[12]  However, the injunction provided by the New York statute bars contribution claims against BCP only—it does not bar the Non-Settling Defendants from bringing indemnity claims.  N.Y. General Obligations Law § 15-108(b).  Accordingly, any injunction imposed against the Non-Settling Defendants should be limited to contribution claims.[13]

Moreover, although Section 15-108(b) would preclude the Non-Settling Defendants from asserting a contribution claim against BCP, under Section 15-108(a), the Non-Settling Defendants have the right to litigate the issue of BCP's "equitable share of damages" for purposes of calculating the setoff amount from any judgment for Plaintiff.  *See* N.Y. General Obligations Law § 15-108(a)-(b).  The Non-Settling Defendants reserve their right to do so.

### C. The Court Should Deny The Proposed Manner Of Notice To The Extent It Depends On The Millennium Defendants' Ability To Identify Putative Class Members.

Plaintiff argues that it should be allowed to provide notice of the settlement to the putative class members by mail rather than through publication because the actual identity and contact information for all putative class members can be reasonably obtained from the Millennium Defendants and/or the Fund's Liquidators in Bermuda.  *E.g.*, Pl.'s Mem. of Law in Support of Mot. for Preliminary Approval of Settlement with Defendant BCP Securities LLC, at 8.  Contrary to Plaintiff's assertion, however, the Millennium Defendants state that they do not have a complete list of investors because Argonaut Limited in Bermuda (the Fund's Administrator) was solely responsible for administering investor subscription and redemption

---

[12] *S*ee Proposed Order Preliminarily Approving Settlement and Providing For Notice of Proposed Settlement (Galbraith Decl. Ex. A), ¶ 25; Proposed Final Judgment and Order of Dismissal with Prejudice (Galbraith Decl. Ex. B), ¶ 16.

[13] As noted earlier, although the Millennium Defendants object to the entry of any injunction against them while their challenge to personal jurisdiction remains unresolved, they raise the defect in the scope of Plaintiff's proposed injunction to preserve their rights in the event that the Court ultimately finds that it has jurisdiction over them.

requests and maintaining related records. Further, to the extent Plaintiff defines the class to include both purchasers (*i.e.*, record owners) and those who "otherwise acquired" interests in the Fund—such as an investor who acquired an interest in the Fund anonymously through a nominee, as Plaintiff explains in the proposed notice of settlement[14]—the Millennium Defendants do not know the identity of such investors, and it is unclear whether the Fund's records, not in the Millennium Defendants' possession, will identify such anonymous putative class members.

## CONCLUSION

For foregoing reasons, the Non-Settling Defendants respectfully request that this Court (1) deny Plaintiff's Motion as premature; (2) require Plaintiff to respond to the Non-Settling Defendants' pre-motion letters; and (3) schedule a court conference so that motion to dismiss briefing can proceed on the threshold issues raised in the pre-motion letters. Alternatively, if the Court considers Plaintiff's Motion at this time, the Court should do so only without prejudice to the Non-Settling Defendants' rights to raise the issues set forth above at a later date, and should modify Plaintiff's requests regarding the judgment setoff clause and the scope of injunction against the Non-Settling Defendants in accordance with Sections 15-108(a) and (b) of the New York General Obligations Law, as well as the form of notice to the putative settlement class as requested herein.

---

[14] Specifically, Plaintiff states that: "Only Owners may file a Proof of Claim . . . . Where a fund, trust, or similar investment vehicle is an investor in one or more of the Funds, the fund, trust, or similar investment vehicle is the Owner for purposes of this Settlement, not the underlying investors in the fund or similar investment vehicle. Where the record owner of shares or limited partnership interests is a nominee, custodian, or other Person acting in a materially similar fashion on behalf of one or more Owners, that nominee, custodian or other Person is not an Owner and may not file a Proof of Claim on behalf of any such Owners. However, executors, administrators, guardians, conservators, or other legal representatives may file Proofs of Claim on behalf of Owners." Proposed Notice of Proposed Partial Settlement of Class Action and Settlement Fairness Hearing (Galbraith Decl. Ex. A-1), at 11-12.

Respectfully submitted,

| | |
|---|---|
| MILLENNIUM GLOBAL INVESTMENTS LTD. AND MILLENNIUM ASSET MANAGEMENT LTD. | GLOBEOP FINANCIAL SERVICES LLC, GLOBEOP FINANCIAL SERVICES LTD., AND SS&C TECHNOLOGIES, INC. |
| By their attorneys, | By their attorneys, |
| /s/ Deborah S. Birnbach | /s/ Charles C. Platt |
| Deborah S. Birnbach | Charles C. Platt |
| GOODWIN PROCTER LLP | Michael G. Bongiorno |
| 53 State Street | WILMER CUTLER PICKERING HALE |
| Boston, Massachusetts 02109 | AND DORR LLP |
| Tel: 617.570.1000 | 7 World Trade Center |
| Fax: 617.523.1231 | 250 Greenwich St. |
| E-mail: dbirnbach@goodwinprocter.com | New York, NY 10007 |
| | Tel: 212.230.8800 |
| The New York Times Building | Fax: 212.230.8888 |
| 620 Eighth Avenue | E-mail: charles.platt@wilmerhale.com |
| New York, NY 10018 | michael.bongiorno@wilmerhale.com |
| Tel: (212) 813-8800 | |
| Fax: (212) 355-3333 | |

Dated: January 17, 2013

## CERTIFICATE OF SERVICE

I hereby certify that on January 17, 2013, I caused this Objection to be served by electronic means, via the Court's ECF system, on all counsel registered to receive electronic notices. I also certify that I have caused a copy of the aforementioned document to be served via first class mail, postage prepaid upon the non-CM/ECF participants.

Dated: January 17, 2013
    New York, New York          /s/ Deborah S. Birnbach
                                                                   Deborah S. Birnbach