UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARYLEBONE PCC LIMITED – ROSE 2 FUND, on behalf of itself and all similarly situated persons,<br><br>        Plaintiff,<br><br>  vs.<br><br>MILLENNIUM GLOBAL INVESTMENTS LTD., MILLENNIUM ASSET MANAGEMENT LTD., MICHAEL R. BALBOA, GLOBEOP FINANCIAL SERVICES, LLC, GLOBEOP FINANCIAL SERVICES LTD., SS&C TECHNOLOGIES, INC., BCP SECURITIES LLC AND XYZ CORP.,<br><br>        Defendants. | Case No. 12-CV-3835 (PAC)<br><br>(ECF Case)<br><br>USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #: _____<br>DATE FILED: 4-24-14 |

~~EXHIBIT C~~  *PAC*

## PRELIMINARY APPROVAL ORDER

The Plaintiff and Defendants Millennium Global Investments Ltd. ("MGIL"), Millennium Asset Management Ltd. ("MAML") (together, the "Millennium Defendants"), GlobeOp Financial Services, LLC, GlobeOp Financial Services Ltd., and SS&C Technologies, Inc. (together, the "GlobeOp Defendants") (collectively, the "Millennium/GlobeOp Defendants") have entered into a Stipulation of Settlement (the "Stipulation") and (2) Plaintiff and Defendant BCP Securities, LLC ("BCP") have entered into the BCP Settlement (as amended by a subsequent rider) (the "BCP Settlement") (the BCP Settlement and the Stipulation are collectively referred to as the "Combined Settlement") which are subject to review under Rule 23(e) of the Federal Rules of Civil Procedure and which, together with the exhibits to the Stipulation, sets forth the terms and conditions for the proposed settlement of the claims alleged in the Amended Complaint in the Litigation with prejudice. The Court having read and considered the Stipulation and the BCP Settlement, the accompanying documents, and the parties to the Stipulation and the BCP Settlement having consented to the entry of this Order,

NOW, THEREFORE, IT IS HEREBY ORDERED, this 24 day of April, 2014, that:

1. The Court adopts all defined terms as set forth in the Stipulation and the BCP Settlement for purposes of this Order regarding preliminary approval and notice.

2. For the purpose of implementing and enforcing the terms of the Stipulation and the BCP Settlement, the Court has jurisdiction over the subject matter of the Litigation, the Plaintiff, the other members of the Settlement Class, and the Defendants.

3. Pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, and for the purposes of the Combined Settlement only, the Court preliminarily certifies the following Settlement Class:

All persons or entities that subscribed for, owned, beneficially owned, controlled, possessed, received, inherited, or otherwise acquired in any manner any shares in Millennium Global Emerging Credit Fund Ltd. or limited partnership interests in Millennium Global Emerging Credit Fund, L.P. at any time. In the event that any of the foregoing persons or entities has died, ceased to exist, or has expressly designated an alternate payee, "Settlement Class" shall also mean properly designated beneficiaries and alternate payees of that person or entity.

    a.    The Court hereby preliminarily appoints Marylebone PCC Limited – Rose 2 Fund as class representative of the Settlement Class for settlement purposes only.

    b.    The Court hereby preliminarily appoints Plaintiffs' Counsel as Counsel for the Settlement Class for settlement purposes only.

    c.    The preliminary decisions in this Order are not final, and are subject to further review at the Settlement Hearing described below.

4.    The Court preliminarily finds the prerequisites to a class action under Rule 23 have been satisfied for settlement purposes only. In particular, the Court preliminarily finds: (i) members of the Settlement Class are so numerous that joinder of all members thereof is impracticable; (ii) there are questions of law and fact common to the Settlement Class; (iii) the claims of the Plaintiff are typical of the claims of the Settlement Class; (iv) the Plaintiff and its counsel will fairly and adequately represent the interests of the Settlement Class; (v) the questions of law and fact common to the members of the Settlement Class predominate over any questions affecting only individual members the Settlement Class; and (vi) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

5.    A final hearing (the "Settlement Hearing") is hereby scheduled to be held before the Court on _July_, _7_, 2014, at _4:45_ ~~am~~ pm *in Courtroom 11-D*, for the following purposes:

    a.    to determine whether the Settlement should be approved as fair, reasonable, and adequate;

      b.    to determine whether the Court should grant final certification of the Settlement Class for settlement purposes only;

      c.    to consider Plaintiff's Counsel's application for an award of Attorneys' Fees and Expenses;

      d.    to rule upon such other matters as the Court may deem appropriate.

6.    The Court reserves (a) the right to approve the Combined Settlement, with such modifications as may be agreed to by counsel for the parties to the Combined Settlement, without further notice to the Settlement Class, and (b) the right to continue or adjourn the Settlement Hearing from time to time, without further notice to the Settlement Class. The Court further reserves the right to enter the Judgment approving the Combined Settlement, and dismissing the Amended Complaint and the Litigation with prejudice, regardless of whether the Court has approved or awarded attorneys' fees and expenses.

7.    The Court approves the form, substance and requirements of the Class Notice of the Combined Settlement. The Court preliminarily concludes that the Class Notice constitutes the best notice practicable under the circumstances to all persons within the definition of the Settlement Class; that the Class Notice provides full and accurate information concerning the proposed Settlement and the actions that are involved in the Combined Settlement, and further provided due and adequate notice of the proceedings regarding the Combined Settlement; and that the Class Notice otherwise fully met the requirements of Rule 23 of the Federal Rules of Civil Procedure, due process under the Constitution of the United States, and any other applicable law.

8.    Plaintiff's Counsel shall cause the Claims Administrator to mail Class Notice within 15 days of the entry of this Order, to all Settlement Class Members who can be identified

with reasonable effort. Settlement Class Counsel shall, at or before the Settlement Hearing, file with the Court proof of mailing of the Class Notice.

9. Any Settlement Class Members who wish to "opt out" or exclude themselves from the Settlement and Settlement Class must complete, sign, and return a Request for Exclusion to Plaintiffs' Counsel. The Request for Exclusion must be post-marked, or received by Plaintiffs' Counsel, on or before ___June 24___, 2014. Except for those persons who or entities which have timely completed, signed and returned Requests for Exclusion, all Settlement Class Members will be bound by the Stipulation, the BCP Settlement and the Final Order and Judgment (including the Releases contained therein). Any person who or entity which elects to opt out of the Settlement Class shall not (i) be bound by any orders or Judgment entered in this Litigation; (ii) be entitled to relief, including any Settlement Payment, under the Stipulation or BCP Settlement; (iii) gain any rights by virtue of the Stipulation or BCP Settlement; or (iv) be entitled to object to any aspect of the Stipulation or BCP Settlement. No person or entity may opt out of the Settlement Class through "mass" or "class" opt-outs.

10. Any Settlement Class Member who has not requested exclusion from the Settlement Class may object to the Combined Settlement and/or application by Plaintiff's Counsel for an award of attorneys' fees and expenses. To object, a Settlement Class Member must send a signed letter stating that he/she/it objects to the proposed Settlement in *Marylebone PCC Limited – Rose 2 Fund, et. al v. Millennium Global Inv. Ltd, et. al.*, Case No. 12-CV-3835 (PAC) (S.D.N.Y.). The objection must also include: (i) the full name, mailing address, daytime telephone number, and email address (if available) of the objecting Settlement Class Member; (ii) a statement that he she or it is a Settlement Class Member and a list and documentation of all that Settlement Class Member's transactions involving the Funds, including confirmation

The Settlement Class Members do not need to attend the Settlement Hearing to have their written objections considered by the Court. However, any Settlement Class Member who has not previously submitted a request for exclusion from the Settlement Class and who has complied with the procedures set out above may appear at the Settlement Hearing and be heard, to the extent allowed by the Court, to state any objection to the Settlement, or Plaintiff's Counsel's motion for an award of attorneys' fees and expenses. Any such objector may appear in person or arrange, at their own expense, for a lawyer to represent him, her or it at the Settlement Hearing. If any Settlement Class Member plans to have an attorney speak on his/her/its behalf at the Settlement Hearing, the attorney must, on or before June 24, 2014, file a Notice of Appearance in the Litigation with the Clerk of Court and deliver a copy to Plaintiff's Counsel and counsel for the Millennium/GlobeOp Defendants and BCP (the "Settling Defendants") at the addresses listed above. Any objector may only appear at the Settlement Hearing, or have an attorney appear for him/her/it, if he/she/it follows the procedures for objecting and appearing set forth above. Any Settlement Class Member who fails to timely file a signed written objection before the Notice Period ends shall not be permitted to object to the Settlement or appear at the Settlement Hearing, and shall be foreclosed from seeking any review of the Settlement by appeal or other means. No Settlement Class Member will be permitted to opt out of the Settlement Class after the deadline for opting out has passed, absent extraordinary circumstances and approval by the Court.

11.  Until the Settlement Hearing is held, the Plaintiffs and the Settlement Class Members are barred and enjoined from commencing, instituting, joining in, continuing, or prosecuting against Millennium Global Investments Ltd., Millennium Asset Management Ltd., GlobeOp Financial Services, LLC, GlobeOp Financial Services Ltd., SS&C Technologies, Inc.,

BCP Securities LLC, and all other Released Parties, any Claims of Causes of Action (including Unknown Claims and derivative claims) that are based upon or related to, directly or indirectly, in whole or in part, (a) the allegations, facts, subjects, or issues that were or could have been set forth or raised in the Litigation; or (b) the Released Conduct.

12. All Defendants in this Litigation (including, but not limited to "XYZ Corp," which is Mint Partners and/or BGC Partners, Inc.), and all of their respective parents, subsidiaries, affiliates, and anyone acting on their behalf or in their interest, are hereby preliminarily barred, enjoined and restrained from bringing, commencing, prosecuting, joining in or asserting any claims, actions, or causes of action against any other Defendant in this Litigation (or their respective parents, subsidiaries, affiliates) for contribution, indemnity or any claims arising in any way from the facts alleged or which could have been alleged in the Amended Complaint or from the Released Conduct or other conduct released in the BCP Settlement, or that is related in any way to the amounts paid in connection with this Combined Settlement. Mint Partners and BGC Partners, Inc. will be given notice of, and an opportunity to be heard with respect to, the Settlement and the proposed bar order and injunction on any future claims it may have in connection with this lawsuit, the Released Conduct, or the Settlement. Nothing in this provision shall affect the settlement agreement between Millennium Defendants and GlobeOp Defendants dated January 10, 2014.

13. This Order, the Stipulation, the BCP Settlement whether or not consummated, and any negotiations, discussions or proceedings in connection herewith shall not be used or offered in any proceeding for any purpose, including but not limited to:

    a. offered or received against the Settling Defendants as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by the

Settling Defendants of the truth of any fact alleged by the Plaintiff, any Settlement Class Member, or any other persons, or to the validity of any claim that has been or could have been asserted in the Litigation or the deficiency of any defense that has been or could have been asserted in the Litigation, or of any liability, negligence, fault, or wrongdoing of the Settling Defendants;

      b.    offered or received against the Settling Defendants as evidence of a presumption, concession, admission of any liability, duty, breach of a duty, misrepresentation or omission with respect to any statement or written document approved or made by any Settling Defendant, or against the Plaintiff as evidence of any infirmity in the claims of the Plaintiff;

      c.    offered or received against the Settling Defendants as evidence of a presumption, concession, or admission of any liability, duty, breach of a duty, misrepresentation or omission, or in any way referred to for any reason, in any other civil, criminal or administrative action or proceeding; and

      d.    construed against the Settling Defendants or the Plaintiff, as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial.

14.    Counsel are hereby authorized to use all reasonable procedures in connection with approval and administration of the Settlement that are not materially inconsistent with this Order or the Stipulation, including making, without further approval of the Court, minor changes to the form or content of the Notices, and other exhibits that they jointly agree are reasonable or necessary.

15.    The Court shall retain exclusive jurisdiction with respect to implementation and enforcement of the terms of the Stipulation, the BCP Settlement, and the Settling Defendants and

-9-

the Settlement Class Members, excluding Opt-Outs, submit to the jurisdiction of the Court for purposes of implementing and enforcing the terms of the Stipulation and the BCP Settlement.

Dated: New York, New York
        April 24    , 2014

_____
The Honorable Paul A. Crotty
United States District Judge