# EXHIBIT 2

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARYLEBONE PCC LIMITED – ROSE 2 FUND, on behalf of itself and all similarly situated persons,<br><br>       Plaintiff,<br><br>vs.<br><br>MILLENNIUM GLOBAL INVESTMENTS LTD., MILLENNIUM ASSET MANAGEMENT LTD., MICHAEL R. BALBOA, GLOBEOP FINANCIAL SERVICES LLC, GLOBEOP FINANCIAL SERVICES LTD., SS&C TECHNOLOGIES, INC., BCP SECURITIES LLC and XYZ CORP.,<br><br>       Defendants. | Case No. 12-cv-3835 (PAC)<br><br>(ECF Case)<br><br>DECLARATION OF JENNIFER M. KEOUGH IN SUPPORT OF FINAL APPROVAL |

I, JENNIFER M. KEOUGH, declare and state as follows:

1. I am Chief Operating Officer of The Garden City Group, Inc. ("GCG"). GCG was retained by Plaintiff's Counsel to serve as the Claims Administrator in connection with the Settlement in the above-captioned litigation (the "Litigation").[1] The following statements are based on my personal knowledge and information provided by GCG employees working under my supervision, and if called on to do so, I could and would testify competently thereto.

---

[1] Unless otherwise defined herein, all capitalized terms shall have the same meaning as set forth in the Stipulation of Settlement and/or Preliminary Approval Order.

1

## MAILING OF THE NOTICE

2. Paragraph 8 of the Court's Preliminary Approval Order filed April 24, 2014, provided that the Notice of Pendency of Class Action, Proposed Settlement, and Settlement Hearing (the "Notice") be disseminated within 15 days to all Settlement Class Members who could be identified with reasonable effort.

3. Toward that end, between January 31, 2014, and March 4, 2014, GCG received via email from Plaintiff's Counsel PDF documents and Excel spreadsheets containing 249 unique names and addresses. GCG was told that these files contained contact and investment information for the Settlement Class Members. Beginning on March 4, 2014, GCG loaded these records into a database established for this Litigation.

4. In accordance with the Preliminary Approval Order, the Notice was disseminated by first-class mail to the above-mentioned 249 Settlement Class Members on April 25, 2014. A copy of the Notice is attached hereto as Exhibit A.

5. Since the initial mailing, 24 of the 249 Notices have been returned to GCG as undeliverable, without forwarding address information from the U.S. Postal Service. Plaintiff's Counsel and GCG have made additional attempts to locate current or alternate addresses for those Settlement Class Members. Specifically, GCG performed national and international searches for additional addresses, researched publicly-available regulatory information from U.S. and international regulatory bodies, and searched other publicly-available records. GCG also gathered updated addresses following numerous telephonic outreach attempts to domestic and international persons who GCG reasonably believed were, or represented, Settlement Class Members to ensure that all Settlement Class Members received the Notice. As of June 29, 2014, GCG had mailed a Notice to each of the updated and newly-discovered addresses.

2

6. In addition, GCG has received a few requests for copies of the Notice to be mailed. GCG has promptly fulfilled each and every request, and has remailed Notice to each person or entity where the original Notice was returned to GCG with updated address information from the U.S. Postal Service.

7. In the aggregate, as of June 29, 2014, a total of 283 Notices have been disseminated, which includes multiple attempted mailings to the Settlement Class Members with Notices that were returned as undeliverable.

## TELEPHONE HOTLINE

8. Beginning on April 25, 2014, GCG set up and continues to maintain two automated telephone numbers (1-877-495-1570 domestic and 1-614-763-6121 international) to accommodate inquiries from Settlement Class Members and to respond to frequently asked questions. The interactive voice response system dedicated to this Settlement is accessible 24 hours a day, 7 days a week. GCG has promptly responded to each message and will continue to accommodate Settlement Class Member inquiries.

9. Settlement Class Members have contacted GCG and/or inquired about general administration items, including address updates, membership in the class, rights of Settlement Class Members, and the request for additional Notices. The general tone and content of the communication, based on my experience, has been positive and promising for the resolution of class settlement.

## WEBSITE

10. GCG established and is maintaining a website dedicated to the Settlement (www.MillenniumGlobalSettlement.com) to assist Settlement Class Members. The website lists the exclusion and objection deadlines, as well as the date, time and location of the Court's

Settlement Hearing. Copies of the Notice, the First Amended Class Action Complaint, the BCP Settlement and Release Agreement and corresponding Rider, the Stipulation of Settlement, and the Preliminary Approval Order are all posted on the website and may be downloaded by Settlement Class Members. The settlement website was operational beginning on April 25, 2014, and it is accessible 24 hours a day, 7 days a week.

## REPORT ON EXCLUSION REQUESTS RECEIVED

11. Pages 5 and 6 of the Notice inform Settlement Class Members that any written requests for exclusion must be mailed or otherwise delivered, addressed to Marylebone PCC Limited v. Millennium Global Investments, Ltd., c/o GCG, P.O. Box 35119, Seattle, WA 98124-5119, such that they are postmarked no later than June 24, 2014. The Notice also sets forth the information that must be included in each request for exclusion. GCG has been monitoring all mail delivered to that Post Office Box. To date, GCG has not received any requests for exclusion.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed in Seattle, Washington on June 30, 2014.

Jennifer M. Keough

4

# Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARYLEBONE PCC LIMITED – ROSE 2 FUND, on behalf of itself and all similarly situated persons,<br><br>     Plaintiff,<br><br> vs.<br><br>MILLENNIUM GLOBAL INVESTMENTS LTD., MILLENNIUM ASSET MANAGEMENT LTD., MICHAEL R. BALBOA, GLOBEOP FINANCIAL SERVICES, LLC, GLOBEOP FINANCIAL SERVICES LTD., SS&C TECHNOLOGIES, INC., BCP SECURITIES LLC AND XYZ CORP.,<br><br>     Defendants. | Case No. 12-CV-3835 (PAC)<br><br>(ECF Case) |

## NOTICE OF PENDENCY OF CLASS ACTION, PROPOSED SETTLEMENT, AND SETTLEMENT HEARING

TO: ALL INVESTORS IN MILLENNIUM GLOBAL EMERGING CREDIT FUND LTD. OR MILLENNIUM GLOBAL EMERGING CREDIT FUND, L.P. (THE "FUNDS")

PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY. YOUR RIGHTS WILL BE AFFECTED BY PROCEEDINGS IN THIS LITIGATION. YOU MAY BE ENTITLED TO RECEIVE BENEFITS PURSUANT TO THE PROPOSED SETTLEMENTS. THE TOTAL SETTLEMENT AMOUNT (PRIOR TO WITHDRAWING ATTORNEYS' FEES AND COSTS AND NOTICE AND ADMINISTRATION COSTS) IS $14,750,000.00.

The purpose of this Notice is to inform you of (a) the pendency of the above-captioned class action (the "Litigation"); (b) the proposed Settlement of the Litigation (the "Settlement"); and (c) the hearing to be held by the Court (the "Settlement Hearing") to consider (i) whether the Settlement should be approved as fair, reasonable and adequate; (ii) whether the Court should grant final certification of the Settlement Class for settlement purposes only; (iii) whether the application of Plaintiff's Counsel for an award of attorneys' fees and expenses should be approved; and (iv) such other matters as the Court deems appropriate.[1] This Notice explains important rights you may have, including your possible receipt of cash from the settlements, and what steps you must take if you wish to be eligible to participate in the settlements or wish to be excluded from the Settlement Class.

PLEASE TAKE NOTE that the Settlement Hearing will be held at the Daniel Patrick Moynihan United States Courthouse, Courtroom 11D, 500 Pearl Street, New York, NY, at 4:45 p.m., on July 7, 2014, to determine whether to approve the proposed Settlement, as described above. Your rights may be affected, and you may have options to consider, as a result of this Settlement.

---

[1] All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings provided in the Stipulation of Settlement dated as of January 31, 2014 (the "Stipulation"), which is available for inspection at the Court or by request to Plaintiff's Counsel.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT IF YOU ARE A MEMBER OF THE SETTLEMENT CLASS | |
|---|---|
| JOIN THE SETTLEMENT CLASS (no action by you required; if eligible, you join by not excluding yourself). | You may receive a payment pursuant to a Plan of Allocation to be approved by the Court once the Settlement is Final if you owned shares or limited partnership interests in either of the Funds. This is the only way to get a payment from the Settlement. If you do not exclude yourself from the class, you will give up your right to be part of any other lawsuits involving claims associated with this case. |
| EXCLUDE YOURSELF NO LATER THAN JUNE 24, 2014. | Get no payment, and reserve the right to bring a lawsuit yourself. If you do not exclude yourself (or "opt-out") you will be bound by the Settlement and lose the right to bring any future lawsuits against the Released Parties based on the Claims in this case and the Released Conduct. |
| OBJECT NO LATER THAN JUNE 24, 2014. | Write to the Court about the reasons that you are against the Settlement. |
| ATTEND A HEARING; TO DO SO YOU MUST FILE A NOTICE OF INTENTION TO APPEAR NO LATER THAN JUNE 24, 2014. | Request that you be allowed to speak in Court about the fairness of the Settlement. |

**These rights and options—and the deadlines to exercise them—are explained in this Notice.** This Notice is not an expression of any opinion by the Court as to the merits of any claims or any defenses asserted by any party in the Litigation, or the fairness or adequacy of the proposed Settlement. The proposed Settlement will only take effect if the Court approves the Settlement. This is not a solicitation from a lawyer or a lawsuit against you.

Further information regarding the Litigation and this Notice may be obtained by contacting Plaintiff's Counsel: Steven E. Fineman of Lieff Cabraser Heimann & Bernstein, LLP, 250 Hudson Street, 8th Floor, New York, NY 10013, Telephone: (212) 355-9500; or Jacob H. Zamansky, Zamansky LLC, 50 Broadway, 32nd Floor, New York, NY 10004, Telephone: (212) 742-1414.

## THE LITIGATION

The initial complaint was filed on May 14, 2012, by Marylebone PCC Limited – Rose 2 Fund ("Plaintiff"). This Litigation is against (i) Millennium Global Investments Ltd. and Millennium Asset Management Ltd. (together, the "Millennium Defendants"), (ii) Defendants GlobeOp Financial Services, LLC, GlobeOp Financial Services Ltd., and SS&C Technologies, Inc. (together, the "GlobeOp Defendants"), and (iii) Michael Balboa, BCP Securities LLC ("BCP"), and "XYZ Corp." (an alleged co-conspirator unknown to Plaintiff at the time of initiating these proceedings, now known to have been Mint Partners, LP, which has since been acquired by BGC Partners, Inc.), and is currently pending before the Court. Plaintiff seeks to represent the Settlement Class Members (as defined below) who allegedly were injured by the above named defendants' alleged acts and/or omissions.

In the First Amended Class Action Complaint filed on August 31, 2012 (the "Amended Complaint"), Plaintiff brought claims for negligent misrepresentation, negligence, breach of contract, common law fraud, unjust enrichment, breach of fiduciary duty, abetting breach of fiduciary duty, aiding and abetting fraud, and conspiracy to commit fraud.[2] The Amended Complaint alleges that Michael Balboa, the Funds' portfolio manager, conspired with brokers, including

---

[2] Not all claims are asserted against all Settling Defendants.

BCP, to overvalue two illiquid securities held by the Funds in order to make the Funds appear profitable when, in fact, they were losing money.  Plaintiff further alleges that the Millennium Defendants, the Funds' investment manager and manager, made certain misrepresentations regarding the Funds' independent valuation process and that GlobeOp, the independent valuation agent for the Funds, failed to verify properly the legitimacy of the marks it obtained, ignored certain red flags that would have allowed it to uncover Balboa's scheme sooner, and made certain misrepresentations regarding the value of the Funds' assets.

This Settlement resolves this Litigation and all claims between Plaintiff and the proposed Settlement Class Members on the one hand, and the Millennium Defendants, the GlobeOp Defendants, and BCP (the "Settling Defendants") on the other.  This Settlement is the result of separate agreements reached with (i) the Millennium Defendants and the GlobeOp Defendants (the "Millennium/GlobeOp Settlement") and (ii) BCP (the "BCP Settlement").  Counsel for the Plaintiff have conducted extensive discovery and investigation during the development and prosecution of the Litigation.  Based on their investigation, Plaintiff and Counsel for the Plaintiff have concluded that this Settlement provides substantial benefits to the Plaintiff and the proposed Settlement Class Members, and is fair, reasonable, adequate, and in the best interests of the Plaintiff and the proposed Settlement Class Members.  The Settling Defendants have expressly denied and continue to deny each and all of the claims and contentions alleged in the Litigation, and believe the claims and allegations asserted against them in the Amended Complaint are without merit.  The Settling Defendants have further asserted and continue to assert that, at all relevant times, they acted in good faith and discharged any and all obligations with respect to the Funds, if any, in a manner they reasonably believed to be consistent with the terms of the relevant agreements, with all applicable law, and with any duties they may have owed to the Funds and/or its investors.  Nonetheless, to avoid the time, expense, burden and distraction of prolonged litigation, the Settling Defendants have agreed to enter this Settlement.

The Court, by Order dated April 24, 2014, has provisionally certified a **Settlement Class consisting of: all persons or entities that subscribed for, owned, beneficially owned, controlled, possessed, received, inherited, or otherwise acquired in any manner any shares in Millennium Global Emerging Credit Fund Ltd. or limited partnership interests in Millennium Global Emerging Credit Fund, L.P. at any time.  In the event that any of the foregoing persons or entities has died, ceased to exist, or has expressly designated an alternate payee, "Settlement Class" shall also mean properly designated beneficiaries and alternate payees of that person or entity.  The Court has also directed that this Notice be issued to the proposed Settlement Class, and has set the Settlement Hearing described above to determine the fairness of the Settlement.**

THE COURT HAS NOT FINALLY DETERMINED THE MERITS OF THE PLAINTIFF'S CLAIMS OR THE DEFENSES THERETO.  THIS NOTICE DOES NOT IMPLY THAT THERE HAS BEEN OR WOULD BE ANY FINDING OF VIOLATION OF THE LAW OR THAT RECOVERY COULD BE HAD IN ANY AMOUNT IF THE ACTION WERE NOT SETTLED.

## TERMS OF THE SETTLEMENTS

The Plaintiff reached two separate settlements – one with the Millennium and GlobeOp Defendants for $14,250,000 and one with BCP for $500,000.  In exchange for the Settlement and dismissal of the Litigation as against the Settling Defendants, the Settling Defendants will transfer a combined Fourteen Million Seven-Hundred Fifty Thousand Dollars ($14,750,000.00) (the "Settlement Amount") to an escrow account established and maintained by Plaintiff's Counsel (the "Settlement Account").  The money remaining in the Settlement Account after deducting all attorneys' fees, costs, and expenses as may be awarded by the Court (the "Net Settlement Fund") will be allocated among the Settlement Class Members, in a manner consistent with a Plan of Allocation to be approved by the Court.

Upon entry of the final judgment order and that order becoming Final (as such term is defined below):

(a)     The Plaintiff and each of the Settlement Class Members, excluding those who have timely and validly requested exclusion from the Settlement Class in accordance with the provisions set forth in this Notice (the "Opt-Outs"), shall be deemed and bound to have, and by operation of the Judgment shall have, to the fullest extent permissible under the law, fully, finally and forever released, relinquished, and discharged Millennium Global Investments Ltd., Millennium

Asset Management Ltd., GlobeOp Financial Services, LLC, GlobeOp Financial Services Ltd., SS&C Technologies, Inc., BCP (including all past, present, and future owners), and each of their respective current or former or future parents, affiliates, subsidiaries, partners, employees, officers, directors, attorneys, legal representatives, insurers, predecessors, divisions, joint ventures, agents, consultants, lobbyists, principals, shareholders, and the representatives, successors, and assigns of any of the foregoing (the "Released Parties") from any and all past, present and future Claims or Causes of Action (including Unknown Claims) that are based upon or related to, directly or indirectly, in whole or in part: (i) the allegations, facts, subjects, or issues that were or could have been set forth or raised in the Litigation, or (ii) the Released Conduct (as those terms are defined below).

(b) Plaintiff and each of the Settlement Class Members, excluding Opt-Outs, shall be deemed and bound to have expressly waived, and by operation of the Judgment shall have expressly waived, any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable or equivalent to California Civil Code §1542. The Plaintiff and each Settlement Class Member may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the release described above, but the Plaintiff and each Settlement Class Member, excluding Opt-Outs, shall expressly, fully, finally and forever settle and release any and all Claims or Causes of Action in this release, known or Unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. The Plaintiff and each Settlement Class Member, excluding Opt-Outs, shall be deemed and bound to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement of which this release is a part.

(c) Plaintiff and each of the Settlement Class Members, excluding Opt-Outs, will be deemed and bound to have agreed and covenanted not to file, encourage, support, join in, continue, assist in or pursue any Claim or Cause of Action (including Unknown Claims) against Millennium Global Investments Ltd., Millennium Asset Management Ltd., GlobeOp Financial Services, LLC, GlobeOp Financial Services Ltd., SS&C Technologies, Inc., BCP, or any other Released Party that is based upon or related to, directly or indirectly, in whole or in part: (i) the allegations, facts, subjects, or issues that were or could have been set forth or raised in the Litigation, or (ii) the Released Conduct.

(d) Plaintiff and the Settlement Class Members, excluding Opt-Outs, shall be forever barred and enjoined from commencing, instituting, joining in, continuing, or prosecuting against Millennium Global Investments Ltd., Millennium Asset Management Ltd., GlobeOp Financial Services, LLC, GlobeOp Financial Services Ltd., SS&C Technologies, Inc., and all other Released Parties any and all past, present, and future Claims or Causes of Action (including Unknown Claims and derivative claims) that are based upon or related to, directly or indirectly, in whole or in part: (i) the allegations, facts, subjects, or issues that were or could have been set forth or raised in the Litigation; or (ii) the Released Conduct. No Settlement Class Member shall have any Claims or Causes of Action against the Plaintiff, Plaintiff's Counsel, Millennium Global Investments Ltd., Millennium Asset Management Ltd., GlobeOp Financial Services, LLC, GlobeOp Financial Services Ltd., SS&C Technologies, Inc., BCP, any other Released Party, the Settling Defendants' Counsel, or any other agent designated by any of the foregoing, based on distributions made substantially in accordance with the Plan of Allocation.

As used herein and in the Stipulation:

*"Claims"* or *"Causes of Action"* means any and all claims or causes of action of every kind and description (including any causes of action in law, claims in equity, direct claims, derivative claims, claims for successor liability, complaints, suits, petitions, and regulatory investigations or examinations) and any allegations of wrongdoing (including any assertions of liability, debts, legal duties, torts, unfair or deceptive practices, statutory violations, contracts, agreements, wantonness, obligations, promises, promissory estoppel, detrimental reliance, or unjust enrichment) and any demands for legal, equitable or administrative relief (including any claims for injunction, rescission, reformation, restitution, disgorgement, constructive trust, compensatory damages, consequential damages, penalties, exemplary damages, punitive damages, attorneys' fees, costs, interest, or expenses) that have been, may have been, or could have

been asserted (including assigned claims and Unknown Claims) in any action or proceeding before any court, arbitrator(s), tribunal or administrative body of any country or jurisdiction (including any state or federal regulatory body), regardless of whether the claims or causes of action are based on federal, state, local, foreign, or other law, statute, ordinance, regulation, contract, common law, or any other source, and regardless of whether they were alleged or could have been alleged, or are known or unknown, foreseen or unforeseen, suspected or unsuspected, or fixed or contingent, at the time of this Settlement.

*"Final"* when referring to the Settlement means that all the following actions and events are complete: (a) the necessary final court approval of the proposed Settlement in this Litigation is obtained, (b) the Judgment is entered in this Litigation dismissing the case with prejudice and implementing this Settlement, and (c) all appeals from the final orders and judgments have been denied or dismissed and all requests for rehearing or further or other consideration have been denied or dismissed (or the times to take such appeals or requests have expired without any appeals or requests).

*"Released Conduct"* means each and every act, omission, representation or other statement or conduct by Millennium Global Investments Ltd., Millennium Asset Management Ltd., GlobeOp Financial Services, LLC, GlobeOp Financial Services Ltd., SS&C Technologies, Inc., BCP, or any other Released Party in connection with the Funds or Millennium Global Emerging Credit Master Fund Ltd. or their underlying securities, or that concern, arise out of, are based upon, or relate in any way to the allegations, facts, circumstances, transactions, statements, omissions, or subject matters that were alleged or could have been alleged in the Litigation or in any other action, or could in the future be alleged, regardless of when such Released Conduct occurred, including but not limited to acts, omissions, representations or other statements or conduct concerning: marketing and/or selling of subscriptions for the Funds; valuation of any asset held by or for the Funds; disclosures or failures to disclose with respect to one or more of the Funds or any asset held by the Funds; the performance and the Net Asset Value of the Funds; calculation of fees paid to service providers including the Settling Defendants; fiduciary obligations related to the marketing, selling, or management of the Funds; due diligence communications related to the Funds; and any issues or subjects that have been or are currently the subject of regulatory proceedings, investigations, examinations, or litigation.

*"Unknown Claims"* means all Claims or Causes of Action of every nature and description that could have been raised in the Litigation and that the Plaintiff or any Settlement Class Member does not know or suspect to exist, in his, her or its favor at the time of the release of the Released Parties, which, if known by him, her or it, might have affected his, her or its settlement with and/or release of the Released Parties, or might have affected his, her or its decision not to object to this Settlement.  With respect to any and all Unknown Claims, the Settling Parties stipulate and agree that, upon the Settlement Effective Date, the Plaintiff and each of the Settlement Class Members, excluding Opt-Outs, shall be deemed to have waived, and by operation of the Judgment shall have waived, the provisions, rights and benefits of California Civil Code §1542 or any similar state law.  California Civil Code §1542 provides:

> "A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor."

**THE RIGHTS OF SETTLEMENT CLASS MEMBERS**

The Court has preliminarily certified this action to proceed as a class action for settlement purposes only.  If you are a Settlement Class Member, you may share in the proceeds of the Settlement.  As a Settlement Class Member, you will be represented by the Plaintiff and Plaintiff's Counsel, unless you enter an appearance through counsel of your own choice at your own expense.  Each Settlement Class Member shall be deemed to have submitted to the jurisdiction of the United States District Court for the Southern District of New York with respect to this Settlement.

**EXCLUSION FROM THE SETTLEMENT**

If you do not want to receive a payment from this Settlement, but you want to keep any right you may have to sue the Settling Defendants and the other Released Parties on your own concerning the Released Conduct, then you must take

steps to exclude yourself from the Settlement Class. Those who exclude themselves from the Settlement Class will **NOT** receive any share of the settlement proceeds and will not be bound by the Settlement.

To exclude yourself from the Settlement Class, you must submit a written Request for Exclusion from the Settlement Class by first-class mail, postmarked no later than June 24, 2014, (the "Notice Period") addressed to the Claims Administrator, The Garden City Group, Inc. ("GCG"), with a copy to Plaintiff's Counsel and counsel for the Settling Defendants, at the addresses set forth below (*see* page 7). In order to be valid, each Request for Exclusion must legibly set forth your name and address and a statement that you wish to be excluded from the Settlement Class. You cannot exclude yourself by telephone or email. Each Request for Exclusion must provide the Settlement Class Member's (i) full name, (ii) mailing address; (iii) daytime telephone number; (iv) email address (if available); (v) proof of membership in the Settlement Class, which may be a copy of the subscription documents submitted to the Funds' Administrator Argonaut Ltd.; (vi) the dates, prices and amounts of all subscriptions to and redemptions from the Funds, and (vii) a statement that the person or entity wishes to be excluded from the Settlement Class in *Marylebone PCC Limited – Rose 2 Fund, et. al v. Millennium Global Inv. Ltd, et. al.,* Case No. 12-CV-3835 (PAC) (S.D.N.Y.). If you request exclusion on behalf of any person or entity other than yourself, you must also enclose evidence of your authority to act for such person or entity. You must mail your Request for Exclusion, postmarked **no later than June 24, 2014,** to:

Marylebone PCC Limited v. Millennium Global Investments, Ltd.<br>
c/o GCG<br>
P.O. Box 35119<br>
Seattle, WA 98124 – 5119

Any person or entity who elects to exclude themselves from the Settlement Class shall **NOT** (i) receive any payment from the Settlement or be entitled to any other relief under the Stipulation of Settlement; (ii) gain any rights by virtue of the Stipulation of Settlement; (iii) be bound by any orders or judgment entered in this Litigation; or (iv) be entitled to object to any aspect of the Stipulation of Settlement. No person or entity may opt-out of the Settlement Class through "mass" or "class" opt-outs.

IF YOU ARE A SETTLEMENT CLASS MEMBER AND YOU DO NOT PROPERLY EXCLUDE YOURSELF FROM THE SETTLEMENT CLASS BY THE END OF THE NOTICE PERIOD, YOU WILL BE BOUND BY THE SETTLEMENT AND THE FINAL JUDGMENT OF THE COURT DISMISSING THE ACTIONS AND RELEASING CLAIMS AGAINST THE RELEASED PARTIES.

**OBJECTIONS**

If you are a Settlement Class Member, and you have not requested exclusion, you may object to the Settlement and/or the application by Plaintiff's Counsel for an award of attorneys' fees and expenses. To object, you must send a signed letter stating that you object to the proposed Settlement in *Marylebone PCC Limited – Rose 2 Fund, et. al v. Millennium Global Inv. Ltd, et. al.,* Case No. 12-CV-3835 (PAC) (S.D.N.Y.). Any objection must also include: (i) the full name, mailing address, daytime telephone number, and email address (if available) of the objecting Settlement Class Member; (ii) a statement that he, she, or it is a Settlement Class Member and a list and documentation of all that Settlement Class Member's transactions involving the Funds, including confirmation receipts from the Funds' Administrator Argonaut Ltd. or other competent documentary evidence of such transactions, including the amount and date of each purchase, acquisition or sale and the price paid and/or received; (iii) a written statement of all grounds for the objection accompanied by any citations or other legal support for the objection; (iv) copies of any papers, briefs or other documents or evidence of any kind upon which the objection is based or in support of the objection; (v) a list of all persons who will be called to testify in support of the objection; (vi) a statement of whether you intend to appear at the Settlement Hearing, either with or without counsel; (vii) the objector's signature, even if represented by counsel. Your objection must be filed with the Court and mailed or delivered to Plaintiff's Counsel, Counsel for Millennium, Counsel for GlobeOp, and Counsel for BCP, at the addresses listed below, **on or before June 24, 2014.**

*Clerk of Court:* United States District Court for the Southern District of New York, 500 Pearl Street, New York, NY.

*Counsel for Plaintiff*:   Steven E. Fineman, Lieff Cabraser Heimann & Bernstein, LLP, 250 Hudson Street, 8th Floor, New York, NY 10013 and Jacob H. Zamansky, Zamansky LLC, 50 Broadway, 32nd Floor, New York, NY 10004.

*Counsel for the Millennium Defendants:*   Deborah S. Birnbach, Goodwin Procter LLP, Exchange Place, Boston, MA 02109.

*Counsel for the GlobeOp Defendants*:   Michael G. Bongiorno, Wilmer Cutler Pickering Hale and Dorr LLP, 7 World Trade Center, 250 Greenwich Street, New York, NY 10007.

*Counsel for BCP*:  Marc D. Powers, Baker & Hostetler LLP, 45 Rockefeller Plaza, New York, NY 10111-0100.

You do not need to attend the Settlement Hearing to have your written objection considered by the Court. However, any Settlement Class Member who has not previously submitted a Request for Exclusion from the Settlement Class and who has complied with the procedures set out above may appear at the Settlement Hearing and be heard, to the extent allowed by the Court, to state any objection to the Settlement, the Plan of Allocation, or Plaintiff's Counsel's motion for an award of attorneys' fees and expenses.  Any such objector may appear in person or arrange, at his, her or its own expense, for a lawyer to represent him, her or it at the Settlement Hearing.  If you plan to have an attorney speak on your behalf at the Settlement Hearing, your attorney must, on or before June 24, 2014, file a Notice of Appearance in the Litigation with the Clerk of Court and deliver a copy to Plaintiff's Counsel and counsel for the Settling Defendants at the addresses listed above.  You may only appear at the Settlement Hearing, or have an attorney appear for you, if you follow the procedures for objecting and appearing set forth above.

ANY SETTLEMENT CLASS MEMBER WHO FAILS TO TIMELY FILE A SIGNED WRITTEN OBJECTION BEFORE THE NOTICE PERIOD ENDS SHALL NOT BE PERMITTED TO OBJECT TO THE SETTLEMENT OR APPEAR AT THE SETTLEMENT HEARING, AND SHALL BE FORECLOSED FROM SEEKING ANY REVIEW OF THE SETTLEMENT BY APPEAL OR OTHER MEANS.

## SPECIAL NOTICE TO REPRESENTATIVES AND NOMINEES

If, between December 1, 2006 and April 24, 2014, inclusive, you purchased or held any shares or limited partnership interests in the Funds for the beneficial interest of a person or entity other than yourself, the Court has directed that, WITHIN TEN (10) CALENDAR DAYS OF YOUR RECEIPT OF THIS NOTICE, you must provide to the Claims Administrator the name and last known address of each person or entity for whom or which you purchased or held such shares or limited partnership interests during the relevant time period.  The Claims Administrator will then send a copy of the Notice to the beneficial owner(s).  You are entitled to reimbursement from the gross Settlement Fund of your reasonable expenses actually incurred in connection with the foregoing, including reimbursement of postage expense and cost of ascertaining the names and addresses of beneficial owners.  Those expenses will be paid upon request and submission of appropriate supporting documentation.  All communication concerning the foregoing should be addressed to the Claims Administrator:

Marylebone PCC Limited v. Millennium Global Investments, Ltd.<br>
c/o GCG<br>
P.O. Box 35119<br>
Seattle, WA 98124 – 5119

## SETTLEMENT HEARING

At the Settlement Hearing, the Court will consider whether the Settlement is fair, reasonable and adequate and should be finally approved.  The Court reserves the right to approve the Settlement, with such modifications as may be agreed to by counsel for the parties to the Settlement, without further notice to the Settlement Class.  If the Settlement is approved, the Court will also be asked to approve the Plan of Allocation and to rule upon the application for attorneys' fees and for reimbursement of expenses, as described below.  The Settlement Hearing may be adjourned from time to time by the Court, without further written notice to the Settlement Class.

At the Settlement Hearing, any Settlement Class Member who has not filed a Request for Exclusion from the Settlement Class, and who has properly and timely filed a signed written objection, may appear in person or by counsel and be heard to the extent allowed by the Court in support of or in opposition to the fairness, reasonableness and adequacy of the Settlement and proposed judgment, or the application for an award of attorneys' fees and reimbursement of expenses. At or after the hearing, the Court will decide whether to approve the Settlement. We do not know how long this decision will take.

### ATTORNEYS' FEES, COSTS AND EXPENSES OF PLAINTIFF'S ATTORNEYS

Plaintiff's Counsel will make an application to the Court for an award of attorneys' fees and litigation expenses from the Settlement Fund. Plaintiff's fee application will seek no more than Three Million Six-Hundred Eighty-Seven Thousand Five-Hundred Dollars ($3,687,500.00), which constitutes 25% of the Settlement Fund. To date, Plaintiff's Counsel has not received any payment for its services in prosecuting the Litigation on behalf of the Plaintiff and the Settlement Class Members, nor have Plaintiff's Counsel been reimbursed for their out-of-pocket expenses. If approved by the Court, the fee requested would be within the range of fees awarded to Plaintiffs' Counsel under similar circumstances in litigation of this type. Any court order regarding the attorneys' fee and expense application, or any appeal from any order relating thereto, shall in no way disturb or affect the Settlement and/or any judgment entered thereon.

### FURTHER INFORMATION

This Notice summarizes the proposed Settlement. For a more detailed statement of the matters involved in the Litigation, you may refer to the pleadings, the Stipulation, Court orders, and other papers filed in the Litigation, which may be obtained by contacting the Claims Administrator at Marylebone PCC Limited v. Millennium Global Investments, Ltd., c/o GCG, P.O. Box 35119, Seattle, WA 98124 – 5119, or by calling (877) 495-1570 (in the U.S.) or (614) 763-6121 (International). You may also inspect papers filed in the action at the Office of the Clerk of the United States District Court for the Southern District of New York, 500 Pearl Street, New York, NY.

ALL INQUIRIES CONCERNING THIS NOTICE SHOULD BE MADE <u>TO PLAINTIFF'S COUNSEL IN WRITING</u>. NO INQUIRIES SHOULD BE DIRECTED TO THE COURT.

Dated: April 24, 2014                          CLERK OF THE COURT