USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: <u>July 7, 2014</u>

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARYLEBONE PCC LIMITED – ROSE 2 FUND, on behalf of itself and all similarly situated persons,<br><br>    Plaintiff,<br><br> vs.<br><br>MILLENNIUM GLOBAL INVESTMENTS LTD., MILLENNIUM ASSET MANAGEMENT LTD., MICHAEL R. BALBOA, GLOBEOP FINANCIAL SERVICES, LLC, GLOBEOP FINANCIAL SERVICES LTD., SS&C TECHNOLOGIES, INC., BCP SECURITIES LLC AND XYZ CORP.,<br><br>    Defendants. | Case No. 12-CV-3835 (PAC)<br><br>(ECF Case)<br><br>*Final Order and Judgment* |

1159160.7

## [PROPOSED] FINAL ORDER AND JUDGMENT

On this __7th__ day of __July__, 2014, a hearing having been held before this Court to determine: (1) whether the Combined Settlement should be approved as fair, reasonable, and adequate; (2) whether the Court should grant final certification of the Settlement Class for settlement purposes only; and (3) whether the application of Plaintiff's Counsel for an award of attorneys' fees and expenses should be approved. The Court having considered all matters submitted to it at the hearing and otherwise,

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. The Court adopts all defined terms as set forth in the Stipulation of Settlement (the "Stipulation") and the BCP Settlement together with the subsequent Rider to the BCP Settlement (collectively the "BCP Settlement") for purposes of this Judgment.

2. For purposes of implementing and enforcing the terms of the Stipulation and the BCP Settlement, the Court has jurisdiction over the subject matter of the Litigation, the Plaintiff, the other members of the Settlement Class, and the Defendants.

3. The Court finds that distribution of the Class Notice, as provided for in the Preliminary Approval Order, constituted the best notice practicable under the circumstances to all persons within the definition of the Settlement Class; that the Class Notice provided full and accurate information concerning the proposed Combined Settlement and the Litigation, and further provided due and adequate notice of the proceedings regarding the Combined Settlement; and that the Class Notice otherwise fully met the requirements of Rule 23 of the Federal Rules of Civil Procedure, due process, the Constitution of the United States, and any other applicable law.

4. Pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Litigation is properly and finally certified as a class action for settlement purposes. The Settlement Class is defined as follows:

> All persons or entities that subscribed for, owned, beneficially owned, controlled, possessed, received, inherited, or otherwise acquired in any manner any shares in Millennium Global Emerging Credit Fund Ltd. or limited partnership interests in Millennium Global Emerging Credit Fund, L.P. at any time. In the event that any of the foregoing persons or entities has died, ceased to exist, or has expressly designated an alternate payee, "Settlement Class" shall also mean properly designated beneficiaries and alternate payees of that person or entity.

5. With respect to the Settlement Class, this Court finds and concludes that for purposes of settlement: (a) the members of the Settlement Class are so numerous that joinder of all Settlement Class Members is impracticable; (b) there are questions of law and fact common to the Settlement Class, which predominate over any individual questions; (c) the claims of the Plaintiff are typical of the claims of the Settlement Class Members; (d) the Plaintiff and its counsel have fairly and adequately represented and protected the interests of the Settlement Class Members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of the members of the Settlement Class in individually controlling the prosecution of the separate actions, (ii) the extent and nature of any litigation concerning the controversy already commenced by members of the Settlement Class, (iii) the desirability or undesirability of continuing the litigation of these claims in this particular forum, and (iv) the difficulties likely to be encountered in the management of the class action.

6. The Combined Settlement of the Litigation as set forth in the Stipulation and BCP Settlement is approved in all respects as fair, reasonable and adequate, and in the best interests of the Settlement Class. ~~The Court has reviewed all written objections filed by Settlement Class Members, and has heard any objections from any objector who appeared in Court, and finds that~~

1159160.7

-2-

~~the objections filed fail to establish that the Combined Settlement is not fair and reasonable or that the Combined Settlement~~ is not in the best interests of the Settlement Class. ~~[Alternatively~~ *The Court notes that no written objections were filed by Settlement Class Members and that no objector appeared before the Court at the Settlement Hearing, and thus there is no evidence establishing that the Combined Settlement is not fair and reasonable or that the Combined Settlement is not in the best interests of the Settlement Class.* Accordingly, the parties are directed to consummate and perform the Stipulation of Settlement and BCP Settlement in accordance with all applicable terms and provisions.

7. The Amended Complaint and the Litigation, and all Claims and Causes of Action that were or could have been raised therein, are hereby dismissed on the merits with prejudice as to Defendants Millennium Global Investments Ltd., Millennium Asset Management Ltd., GlobeOp Financial Services, LLC, GlobeOp Financial Services Ltd., SS&C Technologies, Inc., and BCP Securities, LLC (the "Settling Defendants") in accordance with Rule 23(e) of the Federal Rules of Civil Procedure.

8. The Stipulation of Settlement and the BCP Settlement, ~~whether or not consummated~~, and any negotiations, discussions or proceedings in connection herewith shall not be used or offered in any proceeding for any purpose, including but not limited to:

    a. offered or received against the Settling Defendants as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by the Settling Defendants of the truth of any fact alleged by the Plaintiff, any Settlement Class Member, or any other persons, or to the validity of any claim that has been or could have been asserted in the Litigation or the deficiency of any defense that has been or could have been asserted in the Litigation, or of any liability, negligence, fault, or wrongdoing of the Settling Defendants;

b. offered or received against the Settling Defendants as evidence of a presumption, concession, admission of any liability, duty, breach of a duty, misrepresentation or omission with respect to any statement or written document approved or made by any Settling Defendant, or against the Plaintiff as evidence of any infirmity in the claims of the Plaintiff;

c. offered or received against the Settling Defendants as evidence of a presumption, concession, or admission of any liability, duty, breach of a duty, misrepresentation or omission, or in any way referred to for any reason, in any other civil, criminal or administrative action or proceeding; and

d. construed against the Settling Defendants or the Plaintiff, as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial.

9. When this Combined Settlement becomes Final, the Plaintiff and each of the Settlement Class Members, ~~excluding Opt-Outs,~~ shall be deemed and bound to have, and by operation of this Judgment shall have, to the fullest extent permissible under the law, fully, finally and forever released, relinquished, and discharged Millennium Global Investments Ltd., Millennium Asset Management Ltd., GlobeOp Financial Services, LLC, GlobeOp Financial Services Ltd., SS&C Technologies, Inc., BCP Securities, LLC, and all the other Released Parties from any and all past, present and future Claims or Causes of Action (including Unknown Claims) that are based upon or related to, directly or indirectly, in whole or in part: (a) the allegations, facts, subjects, or issues that were or could have been set forth or raised in the Litigation, or (b) the Released Conduct.

10. When this Combined Settlement becomes Final, the Plaintiff and each of the Settlement Class Members, ~~excluding Opt-Outs~~, shall be deemed and bound to have expressly

waived, and by operation of this Judgment shall have expressly waived, any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable or equivalent to California Civil Code §1542. The Plaintiff and each Settlement Class Member may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the release described above, but the Plaintiff and each Settlement Class Member, excluding Opt-Outs, shall expressly, fully, finally and forever settle and release any and all Claims or Causes of Action in this release, known or Unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. The Plaintiff and each Settlement Class Member, excluding Opt-Outs, shall be deemed and bound to have acknowledged that the foregoing waiver was separately bargained for and a key element of the Settlement of which this release is a part.

[Handwritten annotation: California Civil Code §1542 provides: "A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor."]

11. When this Combined Settlement becomes Final, the Plaintiff and each of the Settlement Class Members, ~~excluding Opt-Outs~~ will be deemed and bound to have agreed and covenanted not to file, encourage, support, join in, continue, assist in or pursue any Claim or Cause of Action (including Unknown Claims) against Millennium Global Investments Ltd., Millennium Asset Management Ltd., GlobeOp Financial Services, LLC, GlobeOp Financial Services Ltd., SS&C Technologies, Inc., BCP Securities, LLC, or any other Released Party that is based upon or related to, directly or indirectly, in whole or in part: (a) the allegations, facts, subjects, or issues that were or could have been set forth or raised in the Litigation, or (b) the Released Conduct.

12. All Defendants in this Litigation (including, but not limited to "XYZ Corp," which is Mint Partners and/or BGC Partners, Inc.), and all of their respective parents, subsidiaries, affiliates, and anyone acting on their behalf or in their interest, are hereby permanently barred, enjoined and restrained from bringing, commencing, prosecuting, joining in or asserting any claims, actions, or causes of action against any other Defendant in this Litigation (or their respective parents, subsidiaries, affiliates) for contribution, indemnity or any claims arising in any way from the facts alleged or which could have been alleged in the Amended Complaint, or arising in any way from the Released Conduct or other conduct released in the BCP Settlement, or that is related in any way to the amounts paid in connection with this Settlement (the "Barred Claims"). Any judgment (other than a settlement) that any Member of the Settlement Class may obtain against any non-settling Defendant in this Litigation, including Mint Securities (and/or BGC Partners, Inc.), and its parents or affiliates, relating to the Released Conduct or other conduct released in the BCP settlement shall be reduced by (i) the gross monetary consideration provided to any member of the Settlement Class pursuant to this Settlement or (ii) the Settling Defendants' proportionate share of liability to the Settlement Class to be proven at trial, whichever is greater, such that no non-settling Defendant in this Litigation, including Mint Partners (and/or BGC Partners, Inc.), and its parents or affiliates, can state any of the Barred Claims against the Settling Defendants. Mint Partners and BGC Partners, Inc. have been given notice of, and an opportunity to be heard with respect to, the Settlement and this bar order and injunction, and this Court has jurisdiction over Mint Partners and BGC Partners, Inc. sufficient to enter this bar order and judgment reduction provision. Nothing in this provision shall affect the settlement agreement between Millennium Defendants and GlobeOp Defendants dated January 10, 2014.

13. When this Combined Settlement becomes Final, the Plaintiff and the Settlement Class Members, excluding Opt-Outs, shall be forever barred and enjoined from commencing, instituting, joining in, continuing, or prosecuting against Millennium Global Investments Ltd., Millennium Asset Management Ltd., GlobeOp Financial Services, LLC, GlobeOp Financial Services Ltd., SS&C Technologies, Inc., BCP Securities, LLC, and all other Released Parties any and all past, present, and future Claims or Causes of Action (including Unknown Claims and derivative claims) that are based upon or related to, directly or indirectly, in whole or in part: (a) the allegations, facts, subjects, or issues that were or could have been set forth or raised in the Litigation; or (b) the Released Conduct. No Settlement Class Member, excluding Opt-Outs, shall have any Claims or Causes of Action against the Plaintiff, Plaintiff's Counsel, Millennium Global Investments Ltd., Millennium Asset Management Ltd., GlobeOp Financial Services, LLC, GlobeOp Financial Services Ltd., SS&C Technologies, Inc., BCP Securities, LLC, any other Released Party, the Settling Defendants' Counsel, or any other agent designated by any of the foregoing, based on distributions made substantially in accordance with the Plan of Allocation, as submitted by Plaintiff in its Memorandum In Support of Final Approval of the Combined Settlement.

14. [The persons listed on the attached Appendix are hereby deemed to have properly and timely submitted Requests for Exclusion and shall not be Settlement Class Members. They are excluded from the Settlement and shall not be bound by or have the benefit of its terms.]

15. Any order or appeal relating to attorneys' fees and expenses or to the allocation or distribution of the Settlement Fund shall not operate to terminate or cancel the Stipulation, the BCP Settlement or affect or delay the finality of this Judgment.

16. The parties are to bear their own costs, except as otherwise provided in the Stipulation of Settlement, the BCP Settlement or the terms of this Order

17. In the event that the Combined Settlement fails to become Final in accordance with its terms, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation of Settlement and BCP Settlement and shall be vacated and, in such event, all orders entered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation and the BCP Settlement. In such event, the findings herein shall also be null and void, and the parties shall be restored to their respective positions in the Litigation on the date immediately prior to the entry of the Stipulation and the BCP Settlement. In such event, the terms and provisions of the Stipulation and the BCP Settlement shall have no further force and effect with respect to the parties and shall not be used in this Litigation or in any other proceeding for any purpose, and this Judgment, the Preliminary Approval Order, and the Stipulation of Settlement and the BCP Settlement shall be treated as vacated, *nunc pro tunc*.

18. The Court expressly determines that there is no reason for delay in entering this Final Judgment and directs the Clerk of Court to enter this Final Judgment pursuant to Fed. R. Civ. P. 54(b).

19. Without affecting the finality of this Judgment in any way, the Court shall retain exclusive jurisdiction with respect to implementation and enforcement of the terms of the Stipulation of Settlement and the BCP Settlement, and the Settling Defendants and the Settlement Class Members, excluding Opt-Outs, submit to the jurisdiction of the Court for purposes of implementing and enforcing the terms of the Stipulation of Settlement and the BCP Settlement.

Dated: New York, New York
        July 7, 2014

_____
The Honorable Paul A. Crotty
United States District Judge